**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Blythe, | No. CV-23-00733-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Oldcastle Incorporated, et al., | |
| Defendants. | |

Pending before the Court is *pro se* Plaintiff's Complaint (Doc. 1) and Application for Leave to Proceed In Forma Pauperis. (Doc. 2). For the following reasons, the Court will grant Plaintiff's Application to Proceed In Forma Pauperis and permit the Complaint to proceed.

**I.      Application to Proceed In Forma Pauperis**

The Application, filed under penalty of perjury, states that Plaintiff has no monthly income besides social security benefits of $1,105 a month and no assets of any kind. Plaintiff also states that he is currently in medical debt and has various regular monthly expenses, including continuing medical expenses. Because the Application indicates that Plaintiff is financially unable to pay the filing fee, the Court will grant Plaintiff's IFP application and screen Plaintiff's Complaint pursuant to 28 U.S.C. §1915(e)(2).

**II.     Screening IFP Complaints Pursuant to 28 U.S.C. § 1915(e)(2)**

**A.     Legal Standard**

"Federal courts are courts of limited jurisdiction," and the party asserting

jurisdiction bears the burden of establishing jurisdiction. Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 773 (9th Cir. 2017) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Thus, plaintiffs proceeding without paying court fees must "state a claim on which relief may be granted" by a federal court. 28 U.S.C. § 1915(e)(2); see also Metro. Life Ins. v. Taylor, 481 U.S. 58, 63 (1987) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.").

When a party seeks to proceed without paying fees or costs, as Plaintiff does here, a district court is required to "dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that § 1915(e) applies to all IFP complaints, not merely those filed by prisoners). Accordingly, "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." Lopez, 203 F.3d at 1127.

Courts must liberally construe the pleadings of *pro se* plaintiffs. Draper v. Rosario, 836 F.3d 1072, 1089 (9th Cir. 2016). Yet such pleadings must still comply with recognized pleading standards. Ghazali v. Moran, 46 F.3d 52, 52 (9th Cir. 1995). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The pleading must "put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). While Rule 8 does not demand detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Id.

### B. Analysis

#### a. Factual Background

Plaintiff Paul Blythe brings this Complaint against his former employer Oldcastle Inc. and several of his former coworkers and supervisors: human resources manager Rachel; safety manager Ryan; head supervisor Jaimie; plant manager Won; president Nick; vice president David Burrows; plant supervisors Tom Nitz and Robert; and operational manager Lance. (Doc. 1 at 1-4). Blythe, who is African American, brings claims under 42 U.S.C. § 1981 for retaliation, wrongful termination, and a hostile work environment. (Id. at 5-6).

Blythe was hired by Oldcastle to work at the company's plants in Chandler and Phoenix as a Machine Operator/Cuber in February 2017. (Id. at 6, 8). Once his employment began, however, Blythe was told that Plant Supervisor Tom Nitz had changed his job title to Cuber Operator, which was a lower-paying position than that he had been hired under. (Id. at 8). An unknown number of months after starting, Oldcastle's HR manager told Blythe that he would receive six months of back pay due to the change in job title. (Id.)

The Complaint describes a litany of abuse and discrimination directed at Blythe during his two years at the company, carried out by Oldcastle's Head Supervisor, Plant Supervisors, two Plant Managers, the Operational manager, and two coworkers. (Id. at 8-9). Blythe made workplace complaints of acts of discrimination and abuse on multiple occasions and alleges that the company and its employees began retaliating against him once he began making such complaints. (Id. at 8). The Complaint does not provide a timeline of these incidents.

Blythe alleges that other employees threw hand tools at him and shoved him, and that the plant manager Won assaulted him, resulting in a broken finger. (Id.) Blythe's coworkers would sometimes physically prevent Blythe from clocking in, resulting in his suspension for three days without pay. (Id.) His supervisors would threaten to fire him,

would require him stay late to work extra hours, gave him difficult and physically dangerous tasks, and blamed him for issues outside of his control. (Id.) Blythe alleges other instances when he was suspended without pay, without good cause, and of being subjected to racial slurs and harassment. (Id.)

Blythe alleges that he suffered an injury to his left hand at work on May 9, 2019. (Id.) It appears that Blythe had at some point received permission to take the following day off but was later told that he could not. (Id.) Upon his return to work on May 13, 2019, Blythe was told not to clock in but instead to report to Jaimie, the head plant supervisor, who fired him.

Blythe alleges that various employees—including Oldcastle's President, Vice President, Safety Manager, and HR Manager—were aware of these incidents of abuse and discrimination yet ignored them. (Id. at 9). As a result of this abuse, the hostile work environment, and the dangerous environments he was made to work in, Blythe alleges a series of physical injuries, as well as mental and emotional trauma. (Id.) Blythe also alleges that during his time at the company five other African American workers were fired by the same plant supervisor who eventually fired him.

### b. Discussion

Blythe makes three claims under 42 U.S.C. § 1981: hostile work environment; retaliation; and wrongful termination. (Doc. 1 at 6). The Court will address each claim in turn.

### i. Hostile Work Environment

To establish a prima facie hostile work environment claim under § 1981, Blythe must allege that (1) he was subjected to verbal or physical conduct because of his race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive so as to alter the conditions of his employment and create an abusive work environment. Manatt v. Bank of America, NA, 339 F.3d 792, 798 (9th Cir. 2003) (citing Kang v. U. Liim Am., Inc., 296, F.3d 810, 817 (9th Cir. 2002). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory

changes in the 'terms and conditions of employment." Faragher v. Boca Raton, 524 U.S. 775, 786 (1998), internal citation omitted.

Blythe's Complaint meets all three elements. First, the Complaint alleges that Blythe was subjected both to verbal conduct—including racial slurs, threats, and bullying—and physical conduct—including having hand tools thrown at him—because of his race. Second, Blythe made multiple workplace complaints about these incidents, suggesting that these incidents were unwelcome. Third, the alleged conduct was both severe and pervasive. Blythe was physically attacked, placed in dangerous work situations, and subjected to a variety of verbal abuse, including racial slurs. Although Blythe does not provide dates for most of this conduct, the Complaint suggests that this conduct took place throughout most of his two-year tenure at the company. Clearly, these allegations go beyond "simple teasing" and "isolated incidents." Id. Plaintiff presents a plausible hostile work environment claim under Section 1981.

### ii. Retaliation

Section 1981 encompasses retaliation claims. CBOCS West, Inc. v. Humphries, 553 U.S. 442, 448 (2008). To establish a prima facie case of retaliation, Blythe must show that (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there was a causal connection between the two. See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1108 (9th Cir. 2008).

Here, Blythe has pled factual allegations supporting each element. First, Blythe engaged in a protected activity when he made workplace complaints about the abuse and discrimination he allegedly suffered. The Ninth Circuit has explained that asserting one's civil rights, including by making a workplace complaint, is a protected activity. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). [1]

Second, Blythe suffered an adverse employment action when was fired. Third, although the Complaint lacks a clear timeline, Plaintiff's factual allegations are enough at

---

[1] The Mateo court was dealing with a Title VII case. However, courts apply the same legal framework to § 1981 claims as they do to Title VII claims. Manatt, 339 F.3d at 797-98.

- 5 -

the screening stage to plausibly suggest a causal link between his workplace complaints and his termination.

### iii. Wrongful Termination

To establish a prima facie case of wrongful termination, Blythe must allege facts showing that (1) he was a member of a protected class, (2) he was performing his job in a satisfactory manner, (3) he suffered an adverse employment action, and (4) other similarly-situated employees who were not members of the protected class were treated more favorably. See Aragon v. Republic Silver State Disposal Inc., 292 F.3d 654, 658 (9th Cir. 2002).

Here, Blythe has alleged facts supporting each element. First, Blythe is African-American. Second, although he does not state this specifically, Blythe's allegations are enough at this stage to plausibly suggest that he was performing his work in a satisfactory manner. Third, he was fired. As for the fourth element, the Complaint does not explicitly state that similarly-situated, non-African American employees were treated more favorably. However, construing the pleadings liberally, the Court finds that Blythe has alleged sufficient facts to plausibly infer that other, non-African American employees were not fired or otherwise discriminated against. Indeed, the Complaint alleges that other African-American employees were fired and does not state that any non-African American employees were fired or otherwise subject to any of the abuse that Blythe allegedly received. As such, the pleadings allow the Court to reasonably infer Oldcastle's liability as to Blythe's wrongful termination claim.

### C. Conclusion

The Complaint presents factual allegations sufficient for each claim to proceed. The Court notes that the Complaint does not provide full names for each individual Defendant. Defendants identified by category, job title, or first names are insufficient. Plaintiff must provide Defendants' full names which, if not known, can be obtained through discovery. The Court points Plaintiff toward the resources available to *pro se* litigants—including the informational documents provided on May 1, 2023 and the

service packet he will be receiving shortly.

Accordingly,

**IT IS HEREBY ORDERED granting** Plaintiff's Application for Leave to Proceed In Forma Pauperis. (Doc. 2).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) may proceed.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, a copy of the Marshal's Process Receipt & Return form (USM-285), and Notice of Lawsuit & Request for Waiver of Service of Summons form for each Defendant.

**IT IS FURTHER ORDERED** that Plaintiff must complete and return the service packet to the Clerk of Court by May 24, 2023. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.
Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

**IT IS FURTHER ORDERED** that the United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

**IT IS FURTHER ORDERED** that the United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

**IT IS FURTHER ORDERED** that a Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, within 30 days of the date of the notice and request for waiver

of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

**IT IS FURTHER ORDERED** that the Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 11th day of May, 2023.

_____
Honorable Stephen M. McNamee
Senior United States District Judge